IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELMER CASTILLO<br>PLAINTIFF,<br><br>V.<br><br>Attorney General Kwame Raoul, State of Illinois, Lake County States Attorney Eric Rinehart, Lake County Illinois,<br><br>Defendants | No. 22CV4132 |

COMPLAINT FOR RELIEF

Plaintiff Elmer Castillo having been affected by certain legislation restricting his constitutional rights and with the upmost respect for the Defendant public servants and their dedicated service to the State of Illinois and the County of Lake, presents this complaint against the Defendants [Defendants], in their official capacities, Illinois Attorney General Kwame Raoul, Lake County State's Attorney Eric Rinehart, Lake County Illinois and allege as follows:

A. INTRODUCTION

This action for deprivation of civil rights under color of law challenges the legislative scheme in Illinois which prohibits 18-20 years from obtaining concealed carry licenses under 720 ILCS 5/24-1.6, 720 ILCS 5/24-1.6(A)(1)/(3)(C), A(1)/(3)(A), (A)(1)/(3) (B-5), 720 ILCS 5/24-1(a)(1)(3)(I), and 720 ILCS 5/24-1 for violating the 2nd amendment and 14th amendment of the United States. Plaintiff is a natural person residing in the County of Cook. Plaintiff is 19

years old. On 10/7/2020 Plaintiff was arrested and charged with carrying concealed weapons in Lake County Illinois

## B. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. §1983. This Court has personal jurisdiction over each of the Defendants because, inter alia, they acted under the color of laws, policies, customs, and/or practices of the State of Illinois and/or within the geographic confines of the State of Illinois. Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants may be found in this district, and because the events and omissions giving rise to this action are State laws enacted in the State capital and enforced in Lake County, Cook County and Statewide.

## C. PARTIES

1. Plaintiff is a natural person residing in the County of Cook.
2. Defendant Attorney General Kwame Raoul is sued in his official capacity as the Attorney General of the State of Illinois, responsible for executing and administering the laws of the State of Illinois. Defendant Attorney General has enforced the challenged laws, customs and practices against Plaintiff and is in fact presently enforcing the challenged laws, customs, and practices against Plaintiff.
3. Defendant Lake County State Attorney Eric Rhinehart is sued in his official capacity in that he is responsible for executing and administering the laws of the State of Illinois and prosecutions for violations of the legislation at issue. This state's attorney has enforced, and continues to enforce the challenged laws, customs, and practices against the Defendant.
4. Defendant State of Illinois is sued in that the law was passed by the State of Illinois,

5. Defendant Lake County is sued in that their agents, officers, and employees are enforcing the unconstitutional laws against Defendant.

## D. CAUSE OF ACTION

6. Plaintiff is a natural person residing in the County of Cook and 19 years old.

7. Plaintiff is currently prohibited by the State of Illinois to carry a concealed firearm pursuant to the Illinois Concealed Carry Act since he is 19 years old.

8. On 10/7/2020 Plaintiff was arrested by the Lake County police and accused of possessing firearms without a valid FOID or concealed carry license.

9. The Second Amendment provides: A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed. U.S. Const. amend. II.

10. The Second Amendment guarantees individuals a fundamental right to carry operable handguns in non-sensitive public places for the purpose of self-defense. The Second Amendment "is fully applicable against the States." McDonald v. Chicago, 561 U.S. , 130 S. Ct. 3020, 3026 (2010).

11. The States retain the ability to regulate the manner of carrying handguns within constitutional parameters; to prohibit the carrying of handguns in specific, narrowly defined sensitive places; to prohibit the carrying of arms that are not within the scope of Second Amendment protection; and, to disqualify specific, particularly dangerous individuals from carrying handguns.

12. The States may not completely ban the carrying of handguns for self-defense, deny individuals the right to carry handguns in non-sensitive places, deprive individuals of the

right to carry handguns in an arbitrary and capricious manner, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment.

13. 720 ILCS 5/24-1.6, 720 ILCS 5/24-1.6(A)(1)/(3)(C), A(1)/(3)(A), (A)(1)/(3) (B-5), 720 ILCS 5/24-1(a)(1)(3)(I), and 720 ILCS 5/24-1 deny law abiding 18-20's from carrying concealed firearms, to possess firearms without parental consent, to obtain a firearm without parentla consent and otherwise are Unconstitutional for the reasons set forth below.

14. Plaintiff challenged this law in the People of the State of Illinois v. Elmer Castillo 21CF0000039 Lake county Illinois by filing a motion to dismiss raising this same argument.

15. On July 13th, 2022, The trial court found that the statutes were constitutional because a person under 21 can obtain parental permission to obtain a foid card, did not rule on the concealed carry ban issue at all despite being presented with such issue, and held that People v. Mosley, 2015 IL 115872, and In re Jordan G., 2015 IL 116834 allow for such prohibition. The trial court did not apply New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2134 (2022) to the analysis, and disregarded well settled federal precedent on the issue Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021), Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022). Moreover, the State, the County, the prosecutor and attorney general being fully aware of the clear patent unconstitutionally of the prosecution continue to prosecute the Defendant.

16. On August 7th, 2022 The Defendant filed a motion to reconsider the denial of the motion to dismiss citing New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111,

2134 (2022), Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021), Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022).

17. There was a mass shooting on July 4th, 2022 in Lake County Illinois creating an anti-gun sentiment in the community.

                i.      VIOLATION OF THE SECOND AMENDMENT

18. Plaintiff incorporates the allegations 1-16 in support of this paragraph.

19. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." District of Columbia v. Heller, 554 U.S. 570, 592 (2008).

20. Specifically, the United States Supreme Court recently set forth the standard of analysis for second amendment claims in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2134 (2022) thereby making the scrutiny test of People v. Mosley, 2015 IL 115872, and In re Jordan G., 2015 IL 116834 inapplicable. Specifically, "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command. See Id.

21. The Defendant is presumed innocent at this time and prior to his arrest was an ordinary, law-abiding, adult citizen—and is part of "the people" whom the Second Amendment protects. Defendant had no criminal history prior to this arrest and as result of this law and the prosecution under this law cannot exercise his second amendment rights.

22. The Second Amendment provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." Defendant is accused of possessing a concealed weapon in public or otherwise bearing arms. Hence, the Second Amendment's "plain text" covers the Defendants conduct.

23. Unfortunately, the State cannot meet its burden. The Activity of 18-20 years possessing firearms was not understood in 1791 to be outside the scope of the Second Amendment. The activity was within the scope of the Second Amendment at that time and the historical evidence is conclusive of this. A review of the Constitution's text, structure, and history reveals that 18-year-olds are covered by the Second Amendment. See Nat'l Rifle Ass'n, 714 F.3d at 337 (Jones, J., dissenting). "Like most other constitutional rights, the Second Amendment has no explicit age limit, and the most analogous constitutional rights apply equally to everyone. And when a constitutional right applies differently to minors, the age cutoff has consistently been set at 18, not 21. Founding-era history confirms that the public understood the Second Amendment to cover 18-year-olds. At the time of ratification, every state and the federal government required 18-year-old men to enroll in the militia. Those in the militia, as Heller reminds us, were a subset of the political community known as "the people" that enjoyed Second Amendment rights. While most of the militia laws the government identifies still allowed 18-year-olds to join the militia, those that required enlistees to be 21 are few in number and distant in time from ratification. So, the historical basis for those 18 and older having Second Amendment rights rests of bearing and keeping arms is on firm ground. See Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as

amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021). Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022).

24. Moreover, People v. Mosley, 2015 IL 115872, and In re Jordan G., 2015 IL 116834 are inapplicable in that they dealt with minors under the age of 18 while the challenge before this court is in relation to those individuals who are adults between the ages of 18-20, not minors and applied the scrutiny standard as opposed to the new standard set forth by the court in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2134 (2022) to the analysis, and disregarded well settled federal precedent on the issue Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021), Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022).

25. In sum, the historical evidence does demonstrate that keeping and bearing of arms of those 18-20 was subject to reasonable regulation, but none of these limitations on the right to keep and bear arms operated to prohibit law-abiding citizens 18-20 years old with ordinary self-defense from keeping firearms for that purpose.

26. Lastly, the trial court failed to consider orphans who are under 21 and have no parents to consent to a foid card, when deciding that the laws were constitutional because those under 21 can obtain a foid card with parental consent.

27. Defendant cannot obtain expedient and effective relief at the trial court level as evidence by the trial court's ruling itself, ignoring and departing from well settled precedent on the issue from Federal Appellate Courts and the Supreme court, ignoring the rights of orphans, and failing to rule on the issue of concealed carry and only ruling on the issue of FOID.

        ii.        PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Declaratory judgment that 720 ILCS 5/24-1.6, 720 ILCS 5/24-1.6(A)(1)/(3)(C), A(1)/(3)(A), (A)(1)/(3) (B-5), 720 ILCS 5/24-1(a)(1)(3)(I), and 720 ILCS 5/24-1 are invalid for violating the 2nd amendment and 14th amendment of the United States by denying 18-20 year old's the right to concealed carry, possession of a firearm without parental consent, and obtaining a FOID card without parental consent.

2. Injunctive relief restraining Defendants and their officers, agents, servants, employees, and all persons in concert or participation with them who receive notice of this injunction, from enforcing 720 ILCS 5/24-1.6, 720 ILCS 5/24-1.6(A)(1)/(3)(C), A(1)/(3)(A), (A)(1)/(3) (B-5), 720 ILCS 5/24-1(a)(1)(3)(I), and 720 ILCS 5/24-1 are invalid for violating the 2nd amendment and 14th amendment of the United States by denying 18-20 year old's the right to concealed carry, possession of a firearm without parental consent, and obtaining a FOID card without parental consent

3. Such further relief, including further injunctive relief, against all Defendants, as may be necessary to effectuate the Court's judgment or otherwise grant relief, or as the Court otherwise deems just and equitable; and/or

4. attorney's fees and costs pursuant to 42 U.S.C. § 1988.

/S/ Ilia Usharovich
Ilia Usharovich, Lead Counsel
One of the Attorney's For Plaintiff
224 S. Milwaukee Ave Suite E
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Service: Ilia@Usharolaw.com