IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELMER CASTILLO<br>PLAINTIFF,<br><br>V.<br><br>Attorney General Kwame Raoul, State of Illinois, Lake County States Attorney Eric Rinehart, Lake County Illinois,<br><br>Defendants | No. 22CV4132 |

PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff Elmer Castillo presents this Fed. R. Civ. P. 65(a) motion for a preliminary injunction.

A. FACTS

1. The legislative scheme in Illinois prohibits 18-20 years from obtaining concealed carry licenses and foid cards without parental consent under 720 ILCS 5/24-1.6, 720 ILCS 5/24-1.6(A)(1)/(3)(C), A(1)/(3)(A), (A)(1)/(3)(B-5), 720 ILCS 5/24-1(a)(1)(3)(I), and 720 ILCS 5/24-1

2. Plaintiff is a natural person residing in the County of Cook.

3. Plaintiff is 19 years old.

4. On 10/7/2020 Plaintiff was arrested and charged with carrying concealed weapons in Lake County Illinois without a valid Foid or concealed carry card.

5. Plaintiff Elmer Castillo, is charged with four counts of aggravated unlawful use of a weapon (AUUW), alleging that he possessed a firearm in public without a valid Firearm Owners Identification (FOID) Card, 720 ILCS 5/24-1.6(a)(1), (3)(C), and that he possessed a handgun in public for a purpose other than hunting while under the age of 21, 720 ILCS 5/24-1.6(a)(1), (3)(I).

6. Plaintiff challenged this law in the People of the State of Illinois v. Elmer Castillo 21CF0000039 Lake County Illinois by filing a motion to dismiss raising this same argument before this court.

7. On July 13th, 2022, the trial court denied the motion and found that the statutes were constitutional because a person under 21 can obtain parental permission to obtain a foid card, did not rule on the concealed carry ban issue at all despite being presented with such issue, and held that People v. Mosley, 2015 IL 115872, and In re Jordan G., 2015 IL 116834 allow for such prohibition. The trial court did not apply New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2134 (2022) to the analysis, and disregarded well settled federal precedent on the issue Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021), Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022). Moreover, the State, the County, the prosecutor and attorney general being fully aware of the clear patent unconstitutionally of the prosecution continue to prosecute the Plaintiff.

8. On August 7th, 2022 The Plaintiff filed a motion to reconsider the denial of the motion to dismiss citing New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2134 (2022), Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407,

440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021), Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022).

9. There was a mass shooting on July 4th, 2022 in Lake County Illinois creating an anti-gun sentiment in the community.

B. LEGAL BASIS

"To obtain a preliminary injunction, the moving party must show that (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. If the moving party makes this showing, the court then "weighs the competing harms to the parties if an injunction is granted or denied," "considers the public interest," and employs a "sliding-scale analysis" ("the greater the likelihood of success on the merits, the less heavily the balance of harms must tip in the moving party's favor") Knox v. Shearing, 637 Fed. Appx. 226, 228 (7th Cir. 2016)

    i.    Likely Hood of Success on the Merits

The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." District of Columbia v. Heller, 554 U.S. 570, 592 (2008). Specifically, the United States Supreme Court recently set forth the standard of analysis for second amendment claims in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2134 (2022) thereby making the scrutiny test of People v. Mosley, 2015 IL 115872, and In re Jordan G., 2015 IL 116834 inapplicable. The new test provides that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the

3

individual's conduct falls outside the Second Amendment's "unqualified command. New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2134 (2022)

The Plaintiff is presumed innocent at this time and prior to his arrest was an ordinary, law-abiding, adult citizen—and is part of "the people" whom the Second Amendment protects. Plaintiff had no criminal history prior to this arrest and as result of this law and the prosecution under this law cannot exercise his second amendment rights.

The Second Amendment provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." Plaintiff is accused of possessing a concealed weapon in public or otherwise bearing arms. Hence, the Second Amendment's "plain text" covers the Plaintiffs conduct. Unfortunately, the State cannot meet its burden. The Activity of 18-20 years possessing firearms was not understood in 1791 to be outside the scope of the Second Amendment. The activity was within the scope of the Second Amendment at that time and the historical evidence is conclusive of this. A review of the Constitution's text, structure, and history reveals that 18-year-olds are covered by the Second Amendment. See Nat'l Rifle Ass'n, 714 F.3d at 337 (Jones, J., dissenting). "Like most other constitutional rights, the Second Amendment has no explicit age limit, and the most analogous constitutional rights apply equally to everyone. And when a constitutional right applies differently to minors, the age cutoff has consistently been set at 18, not 21. Founding-era history confirms that the public understood the Second Amendment to cover 18-year-olds. At the time of ratification, every state and the federal government required 18-year-old men to enroll in the militia. Those in the militia, as Heller reminds us, were a subset of the political community known as "the people" that enjoyed Second Amendment rights. While most of the militia laws the government identifies still allowed 18-year-olds to join the militia, those that required

4

enlistees to be 21 are few in number and distant in time from ratification. So, the historical basis for those 18 and older having Second Amendment rights rests of bearing and keeping arms is on firm ground. See Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021). Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022).

Moreover, People v. Mosley, 2015 IL 115872, and In re Jordan G., 2015 IL 116834 are inapplicable in that they dealt with minors under the age of 18 while the challenge before this court is in relation to those individuals who are adults between the ages of 18-20, not minors and applied the scrutiny standard as opposed to the new standard set forth by the court in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2134 (2022) to the analysis, and disregarded well settled federal precedent on the issue Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021), Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022). In sum, the historical evidence does demonstrate that keeping and bearing of arms of those 18-20 was subject to reasonable regulation, but none of these limitations on the right to keep and bear arms operated to prohibit law-abiding citizens 18-20 years old with ordinary self-defense from keeping firearms for that purpose.

Lastly, the trial court failed to consider orphans who are under 21 and have no parents to consent to a foid card, when deciding that the laws were constitutional because those under 21 can obtain a foid card with parental consent. Accordingly, Plaintiff shows a strong likelihood of success on the merits and the balance of harms must tip in the Plaintiff's favor.

ii. Irreparable Harm

Plaintiff is being denied his right to keep and bear arms from the age of 18-20 every day. A constitutional violation, like the one alleged here, is indeed irreparable harm for purposes of preliminary injunctive relief. See Preston v. Thompson, 589 F.2d 300, 303 n. 3 (7th Cir.1978) ( "[t]he existence of a continuing constitutional violation constitutes proof of an irreparable harm."); see Does v. City of Indianapolis, No. 1:06–cv–865–RLY–WTL, 2006 WL 2927598, *11 (S.D.Ind. Oct. 5, 2006) (quoting Cohen v. Coahoma Cnty., Miss., 805 F.Supp. 398, 406 (N.D.Miss.1992) for the proposition that "[i]t has been repeatedly recognized by federal courts at all levels that violation of constitutional rights constitutes irreparable harm as a matter of law."); see also Back v. Carter, 933 F.Supp. 738, 754 (N.D.Ind.1996) ("When violations of constitutional rights are alleged, further showing of irreparable injury may not be required if what is at stake is not monetary damages. This rule is based on the belief that equal protection rights are so fundamental to our society that any violation of those rights causes irreparable harm."); see also Ezell v. City of Chicago, 651 F.3d 684 (7th Cir.2011) (finding irreparable harm when Plaintiffs' Second Amendment rights were likely violated); see also Hodgkins v. Peterson, No. 1:04–cv–569–JDT–TAB, 2004 WL 1854194, *5 (S.D.Ind. Jul. 23, 2004) (granting a preliminary injunction enjoining enforcement of Indianapolis' curfew law as it likely violated the parents' due process rights and finding that "when an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary".

Furthermore, as evidenced in Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021) the Plaintiff's rights are limited in time from the period of 18-20 years old. Once Plaintiff attains the age of 21 the action is moot and there is no

more limitation on his rights and irreparable harm in that one cannot turn back the hands of time. As such, there is no question there is irreparable harm.

iii. Available remedies at law are inadequate

Plaintiff cannot obtain expedient and effective relief at the trial court level as evidence by the trial court's ruling itself, ignoring and departing from well settled precedent on the issue from Federal Appellate Courts and the Supreme court, ignoring the rights of orphans, and failing to rule on the issue of concealed carry and only ruling on the issue of FOID. Moreover, as evidenced in Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021) the Plaintiff's rights are limited in time from the period of 18-20 years old. Once Plaintiff attains the age of 21 the action is moot and there is no more limitation on his rights and serious irreparable harm in that one cannot turn back the hands of time. To appeal the state criminal the Plaintiff must first have a trial, then have a sentencing hearing, a post-trial motion, and a pre-sentence investigative report conducted, an appellate brief, a response, and a reply. That would not occur until at least 12 months from now further eating away at the 18–20-year-old time for these rights, making it moot when he turns 21. Additionally, two federal courts have ruled that prohibiting 18-20 from having second amendment rights to keep and bear arms is unconstitutional indicating the statute and the prosecution is patently offensive and clearly unconstitutional. This federal court and 1983 action is the only real and viable relief to the Plaintiff based on his age

With respect to constitutional violations, it is generally recognized that there is no adequate remedy at law to rectify any resulting injury. Allee v. Medrano, 416 U.S. 802, 814–15, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974); Edmo v. Corizon, Inc., 935 F.3d 757, 798 (9th Cir. 2019);

7

Nelson v. NASA, 530 F.3d 865, 882 (9th Cir. 2008) ("Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm"), rev'd and remanded on other grounds, 562 U.S. 134, 131 S.Ct. 746, 178 L.Ed.2d 667 (2011); see also Stormans, Inc. v. Selecky, 586 F.3d 1109, 1138 (9th Cir. 2009). In this case has suffered constitutional violations every day since he has turned 18 years and these violations are ongoing. Given the circumstances, Plaintiff has no adequate remedy at law absent injunctive relief. Especially since any challenge will be moot when he turns 21.

## IV. BALANCING PHASE

Having satisfied the threshold phase of a preliminary injunction Plaintiff also satisfies the balancing phase. Defendants have not suffered and will not suffer irreparable harm from this preliminary injunction, and that the public interest is served by a preliminary injunction because there is no interest in upholding unconstitutional laws. As the court has recognized before, firearms regulations are traditionally left to the states; however, the restrictions put in place by the state must comply with the United States Constitution's guarantees of under the second amendment and the 14th amendment due process clause. The State does not have a valid interest in upholding and applying a law that violates these constitutional guarantees. See Joelner v. Vill. of Washington Park, 378 F.3d 613, 620 (7th Cir.2004).

## IV. Conclusion

The Plaintiff has satisfied his burden for a preliminary injunction. He has shown a reasonable likelihood of success on the merits, irreparable harm with no adequate remedy at law, that the public interest is in favor of the relief, and the balance of harm weighs in his favor. Currently, all federal appellate cases decided as to this issue indicate that Plaintiffs are likely to prevail. Therefore, the court must GRANT Plaintiffs' motion for a preliminary injunction

ordering Defendants and all those acting in concert are ENJOINED from enforcing 720 ILCS 5/24-1.6, 720 ILCS 5/24-1.6(A)(1)/(3)(C), A(1)/(3)(A), (A)(1)/(3)(B-5), 720 ILCS 5/24-1(a)(1)(3)(I), and 720 ILCS 5/24-1 against Plaintiffs; the State of Illinois must recognize his 2nd amendment right to bear arms while 18-20 years old. This order should require that Defendants issue directives to the Illinois State Police to begin to facilitate the Plaintiff's FOID card application and ccl application without undue delay. This preliminary injunction should remain in force until the court renders judgment on the merits of the Plaintiffs' claims and the Plaintiff requests any other relief the court see fit to stop the constitutional violations against the Plaintiff.

/S/ Ilia Usharovich
Ilia Usharovich, Lead Counsel
One of the Attorney's For Plaintiff
224 S. Milwaukee Ave Suite E
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Service: Ilia@Usharolaw.com