IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

ELMER CASTILLO                               ]      No. 22CV4132
PLAINTIFF,                                   ]
                                             ]
V.                                           ]
                                             ]
ATTORNEY GENERAL KWAME                       ]
RAOUL, STATE OF ILLINOIS, LAKE               ]
COUNTY STATES ATTORNEY ERIC                  ]
RINEHART, LAKE COUNTY                        ]
ILLINOIS,                                    ]
                                             ]
DEFENDANTS                                   ]

**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Plaintiff Elmer Castillo, by and through his counsel, presents this response to the District Court's order to show cause as to why the Plaintiff's motion for a preliminary injunction and lawsuit should matter should not be dismissed pursuant to <u>Younger</u>, <u>Curry</u>, <u>Gakuba</u>, <u>Landry</u> and the Anti-Injunction Act. For the reasons set forth below, Plaintiff asserts that he has shown cause to this court why the matter should not be dismissed as a matter of law and fact.

**A. FACTUAL BASIS**

1. 430 ILCS 66/25 provides "The Illinois State Police shall issue a license to an applicant completing an application in accordance with Section 30 of this Act if the person:

   (1) is at least 21 years of age***"

2. Illinois prohibits 18-20 years from obtaining concealed carry licenses and FOID cards without parental consent under 720 ILCS 5/24-1.6, 720 ILCS 5/24-1.6(A)(1)/(3)(C), A(1)/(3)(A), (A)(1)/(3)(B-5), 720 ILCS 5/24-1(a)(1)(3)(I), and 720 ILCS 5/24-1, and 430 ILCS 66/25

1

3. Plaintiff is 19 years old and is charged under 720 ILCS 5/24-1.6, 720 ILCS 5/24-1.6(A)(1)/(3)(C), A(1)/(3)(A), (A)(1)/(3)(B-5), 720 ILCS 5/24-1a(a)(1)(3)(I), and 720 ILCS 5/24-1 and currently being prosecuted in Lake County for alleged possession of a firearm.

4. On 8/9/2022 the court made the following entry:

"Plaintiff is ordered to show cause by 8/16/2022 why this case should not be dismissed under Younger v. Harris, 401 U.S. 37 (1971). See Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013) ("Younger holds that federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings. Gakuba's claims of damages resulting from illegal searches, seizures, and detentions meet that description: they involve constitutional issues that may be litigated during the course of his criminal case." (citation omitted)). Plaintiff should also address whether the case must be dismissed under the Seventh Circuit's jurisprudence that prohibits review of interlocutory state court orders. See Curry v. Lopez, 756 F. App'x 649, 650 (7th Cir. 2019) ("[N]othing in the Supreme Court's decisions suggests that state-court decisions too provisional to deserve review within the state's own system can be reviewed by federal district and appellate courts." (quoting Harold v. Steel, 773 F.3d 884, 886 (7th Cir. 2014)))****"

5. On 8/18/2022 the trial court also held:

In addition to the issues noted in the court's show cause order, plaintiff should also address whether his motion and lawsuit are barred by the Anti-Injunction Act, 28 U.S.C. § 2283. See Boyle v. Landry, 422 F.2d 631 (7th Cir. 1970). Anti-Injunction Act, 28 U.S.C. § 2283.

## B. LEGAL BASIS

## 1. ANTI-INJUNCTION ACT AND BOYLE V. LANDRY, 422 F.2d 631

Plaintiff's motion and lawsuit are not barred by the Anti-Injunction Act, 28 U.S.C. 2283 or Boyle v. Landry, 422 F.2d 631 (7th Cir. 1970). Boyle v. Landry held that "the Civil Rights Act, 42 U.S.C.A. Sec 1981 et seq., does not suspend or modify the anti-injunction statute." However, Boyle v. Landry, was overruled by the U.S. Supreme Court in Mitchum v. Foster, 407 U.S. 225, 92 S. Ct. 2151, 32 L. Ed. 2d 705 (1972) and the 7th Circuit in Lawson v. Hill, 368 F.3d

955 (7th Cir. 2004) which held the Anti–Injunction Act does not apply to suits under § 1983. Moreover, the question before the court in Boyle v. Landry is whether the single-judge district court abused its discretion in enjoining the state prosecution of the three plaintiffs for violation of a valid Illinois criminal statute on the ground that there was no probable cause for the arrest or prosecution. Here, the action is a 1983 action seeking to enjoin the state prosecution of the plaintiff for violation of an invalid Illinois criminal statute on the ground that it violates the second amendment and denies Plaintiff limited the very limited time he has to exercise his rights during the ages of 18-20. Accordingly, Plaintiff's motion and lawsuit are not barred by the Anti-Injunction Act, 28 U.S.C. 2283 or Boyle v. Landry, 422 F.2d 631 (7th Cir. 1970).

Moreover, assuming the court disagrees with Plaintiff's position, the "relitigation exception" under the Anti-Injunction Act allows a court to issue an injunction where necessary to protect or effectuate the federal court's judgments. California v. IntelliGender, LLC, 771 F.3d 1169 (9th Cir. 2014). In Moore v. Madigan, 702 F.3d 933 (7th Cir. 2012) the court found that the Illinois Unlawful Use of Weapons (UUW) statute and the Illinois Aggravated Unlawful Use of a Weapon (AUUW) statute, which generally prohibit the carrying of guns in public, violate the Second Amendment right to bear arms for self-defense outside the home. The 7th Circuit stayed the mandate for 180 days to allow the Illinois legislature to craft a new gun law that will impose reasonable limitations, consistent with the public safety and the Second Amendment as interpreted in this opinion, on the carrying of guns in public." Moore v. Madigan, 702 F.3d 933, 942 (7th Cir. 2012). The State of Illinois has failed to craft a new gun law that imposes reasonable limitations, consistent with the public safety and the Second Amendment as interpreted in the opinion, on the carrying of guns in public since the amended law still places a blanket prohibition on persons 18-20 from carrying concealed weapons in violation of the 2nd

amendment. Hence, the injunction is necessary "to protect or effectuate the federal court's judgments" in Moore v. Madigan, 702 F.3d 933, 942 (7th Cir. 2012), Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021). Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022), Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022), and New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2134 (2022).

Lastly, Plaintiff's remedies in this action would be meaningless unless the federal court were to enjoin the proceedings pending in the state court because the state proceedings, if not stayed, could undercut, or destroy the rights and remedies by mooting the action as time passes. An injunction to stay the state courts is necessary if an effective remedy is to be preserved. In such a situation, an express exception to the anti-injunction statute has been implicitly found to exist because it is a 'necessary concomitant of the need to vindicate federally created rights. Landry v. Daley, 288 F. Supp. 200, 222 (N.D. Ill. 1968). Accordingly, Plaintiff's motion and lawsuit are not barred by the Anti-Injunction Act, 28 U.S.C. 2283 or Boyle v. Landry, 422 F.2d 631 (7th Cir. 1970).

## 2. YOUNGER V. HARRIS

Plaintiff's motion and lawsuit are not barred by *Younger*. The Court in Younger left room for federal equitable intervention in a state criminal trial where the state law applied in the criminal proceeding is "flagrantly and patently violative of express constitutional prohibitions," or where there exist "other extraordinary circumstances" in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment. Kugler v. Helfant, 421 U.S. 117, 124, 95 S. Ct. 1524, 1530, 44 L. Ed. 2d 15 (1975).

To be extraordinary, the circumstances must create "an extraordinary pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." Mudd v. Busse, 437 F. Supp. 505, 517 (N.D. Ind. 1977), aff'd, 582 F.2d 1283 (7th Cir. 1978). Those extraordinary circumstances include situations where the failure to enjoin the state proceedings would affect great and immediate irreparable injury and in circumstances of comparable urgency. See MTM, Inc. v. Baxley, 523 F.2d 1255, 1257 (5th Cir. 1975). Additionally, extraordinary circumstances exist where the danger of irreparable loss is both great and immediate, such as where a threat to the plaintiff's federally protected rights cannot be eliminated by his defense against a single state criminal prosecution. Womens Services, P.C. v. Douglas, 653 F.2d 355, 356 (8th Cir. 1981). To satisfy the first predicate of the "extraordinary circumstances" exception to the Younger abstention doctrine, the party opposing abstention must show that there is no state remedy available to meaningfully, timely, and adequately remedy alleged constitutional violations. FreeEats.com, Inc. v. Indiana, 502 F.3d 590 (7th Cir. 2007)

### i. FLAGRANTLY AND PATENTLY VIOLATIVE

The State law applied in the criminal proceeding is "flagrantly and patently violative of express constitutional prohibitions, "The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation." District of Columbia v. Heller, 554 U.S. 570, 592 (2008). The United States Supreme Court recently set forth the standard of analysis for second amendment claims in New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2134 (2022). The new test provides that "when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls

outside the Second Amendment's "unqualified command. <u>New York State Rifle & Pistol Ass'n, Inc. v. Bruen</u>, 142 S. Ct. 2111, 2134 (2022).

The Second Amendment provides: "A well-regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." Plaintiff is accused of possessing a concealed weapon in public or otherwise bearing arms. Hence, the Second Amendment's "plain text" covers the Plaintiffs conduct. The Activity of 18-20 years possessing firearms was not understood in 1791 to be outside the scope of the Second Amendment. The activity was within the scope of the Second Amendment at that time and the historical evidence is conclusive of this. A review of the Constitution's text, structure, and history reveals that 18-year-olds are covered by the Second Amendment. See <u>Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives</u>, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021). <u>Jones v. Bonta</u>, 34 F.4th 704 (9th Cir. 2022), <u>Jones v. Bonta</u>, 34 F.4th 704 (9th Cir. 2022). Although, <u>Hirschfeld</u> was vacated by mootness when the Plaintiff turned 21, vacating a decision because of supervening mootness does not destroy its precedential effect, since the decision was not moot—was not outside the jurisdiction of the court that rendered it—when it was rendered. <u>In re Smith</u>, 964 F.2d 636, 638 (7th Cir. 1992). In sum, the historical evidence does demonstrate that keeping and bearing of arms of those 18-20 was subject to reasonable regulation, but none of these limitations on the right to keep and bear arms operated to prohibit law-abiding citizens 18-20 years old with ordinary self-defense from keeping firearms for that purpose. Moreover, no limiting construction by the state courts could possibly save the statutes given the blanket prohibition. As a result, 720 ILCS 5/24-1.6, 720 ILCS 5/24-1.6(A)(1)/(3)(C), A(1)/(3)(A), (A)(1)/(3)(B-5), 720 ILCS 5/24-1a(1)(3)(I), and 720 ILCS 5/24-1, and 430 ILCS 66/25 are

"<u>flagrantly and patently</u> violative of **express** constitutional prohibitions thereby precluding the application of Younger to Plaintiff's motion and lawsuit. The State does not have any valid interest in upholding, enforcing, and applying a law that violates these constitutional guarantees. See <u>Joelner v. Vill. of Washington Park</u>, 378 F.3d 613, 620 (7th Cir.2004), hence the federal injunction does not affect any valid state interest in the prosecution or enforcement against Plaintiff.

## ii.    EXTRAORDINARY CIRCUMSTANCES

The matter should not be dismissed because there are extraordinary circumstances. Plaintiff and every other person between the ages of 18-20's is being denied their second amendment right to keep and bear arms every day. The failure to enjoin the state proceedings affects a great and immediate irreparable injury since Plaintiff and every other person between the ages of 18-20's will continue being denied their second amendment right to keep and bear arms until they turn 21, leaving them no remedy due to Mootness. The need for immediate relief is evidenced in <u>Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives</u>, where the matter was mooted since the constitutional injury ceases to exist upon the person turning 21. This is because a case or controversy under Article III no longer exists when issues presented are no longer live or parties lack legally cognizable interest in outcome. <u>Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives</u>, 14 F.4th 322 (4th Cir. 2021), cert. denied sub nom. <u>Marshall v. Bureau of Alcohol, Tobacco, Firearms & Explosives</u>, 142 S. Ct. 1447, 212 L. Ed. 2d 540 (2022) (Prospective handgun buyer's action challenging federal statutes prohibiting sale of handguns and handgun ammunition to people under 21 years of age became moot when buyer turned 21, thus requiring vacatur of panel and district court opinions and remand with direction to dismiss, even though Court of Appeals had issued opinion reversing district court's order

dismissing her complaint, where buyer turned 21 before Court of Appeals issued its mandate.) Hence, the Plaintiff and every 18-20 years old rights live and limited in time to three years and as each day goes the rights are denied and otherwise depleted until they are ultimately extinguished by age, dead, and no relief can be obtained due to mootness. Once Plaintiff attains the age of 21 the action is moot and there is no more limitation on his rights nor any redress that can be had. A constitutional violation, like the one alleged here, is indeed the type of irreparable harm sufficient for purposes of immediate preliminary injunctive relief. See Preston v. Thompson, 589 F.2d 300, 303 n. 3 (7th Cir.1978) Does v. City of Indianapolis, No. 1:06–cv–865–RLY–WTL, 2006 WL 2927598, *11 (S.D.Ind. Oct. 5, 2006) Back v. Carter, 933 F.Supp. 738, 754 (N.D.Ind.1996) See Ezell v. City of Chicago, 651 F.3d 684 (7th Cir.2011 Hodgkins v. Peterson, No. 1:04–cv–569–JDT–TAB, 2004 WL 1854194, *5 (S.D.Ind. Jul. 23, 2004). Accordingly, Plaintiff has suffered and will continue to suffer "irreparable injury" that is "great and immediate". See Postscript Enterprises, Inc. v. Peach, 878 F.2d 1114, 1116 (8th Cir. 1989).

Furthermore, the threat and harm to the Plaintiff's federally protected rights cannot be eliminated by his defense against a single state criminal prosecution. Womens Services, P.C. v. Douglas, 653 F.2d 355, 356 (8th Cir. 1981). Even if Plaintiff's wins this criminal matter, he is still prohibited from keeping arms until 21 by State law. Moreover, the State Trial Court's decision is not binding precedent, nor it is binding on any other county. Thus, Plaintiff will be prosecuted again if caught with firearms, even if his case is dismissed or he is found not guilty, and the constitutional violations will continue until mooted by him turning 21.

Moreover, there is no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violations and Plaintiff cannot obtain timely, expedient, and effective relief at the trial court level. Prior to an appeal, Plaintiff must first have a trial to have a

8

sentencing hearing, a post-trial motion, a pre-sentence investigative report, then there must be an appellate brief, a response, and a reply, and a ruling. That would not occur until at least 12-24 months from now or potentially after the Plaintiff turned 21. Plaintiff's claims may become time-barred by the time the state prosecution has concluded and his appeal is decided, even if Plaintiff wins his criminal action. As such, there is there is no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violations and there is a clear urgency with a great and immediate irreparable injury requiring the District Court to enjoin the pending proceeding since there is a 3-year total life span on these rights and remedies which already have been significantly reduced by the passing time. Additionally, the state trial court has continued the Plaintiff's matter on its own motion so many times for ruling rule on the motion to dismiss that it has destroyed a significant amount of time during the 18-20 age period, with no timely remedy for Plaintiff other than this injunction.

      With respect to these types of second amendment constitutional violations, it is generally recognized that there is no adequate remedy at law to rectify any resulting injury. Allee v. Medrano, 416 U.S. 802, 814–15, 94 S.Ct. 2191, 40 L.Ed.2d 566 (1974); Edmo v. Corizon, Inc., 935 F.3d 757, 798 (9th Cir. 2019); Nelson v. NASA, 530 F.3d 865, 882 (9th Cir. 2008) ("Unlike monetary injuries, constitutional violations cannot be adequately remedied through damages and therefore generally constitute irreparable harm"), rev'd and remanded on other grounds, 562 U.S. 134, 131 S.Ct. 746, 178 L.Ed.2d 667 (2011); see also Stormans, Inc. v. Selecky, 586 F.3d 1109, 1138 (9th Cir. 2009). In this case Plaintiff has suffered constitutional violations every day since he has turned 18 years and these violations are ongoing and will continue until he turns 21 when the issue is moot and no relief can be granted. Given the circumstances, Plaintiff has no adequate remedy at law absent injunctive relief and there are extraordinary circumstances.

### iii. RELITIGATION OF SETTLED FEDERAL DECISIONS

The Younger doctrine expressly authorizes federal courts to enjoin the relitigating of settled federal decisions in cases and to enforce the court's decisions. Ute Indian Tribe of the Uintah & Ouray Reservation v. Utah, 790 F.3d 1000, 1008 (10th Cir. 2015). The issue of 18-20 years being prohibited from keeping and bearing arms has been settled by federal decisions in Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021). Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022), Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022). Hence, the injunction is necessary "to protect or effectuate the federal court's judgments" in Moore v. Madigan, 702 F.3d 933, 942 (7th Cir. 2012), Hirschfeld v. Bureau of Alcohol, Firearms, Tobacco & Explosives, 5 F.4th 407, 440 (4th Cir. 2021), as amended (July 15, 2021), vacated, 19-2250, 2021 WL 4301564 (4th Cir. Sept. 22, 2021). Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022), Jones v. Bonta, 34 F.4th 704 (9th Cir. 2022), and New York State Rifle & Pistol Ass'n, Inc. v. Bruen, 142 S. Ct. 2111, 2134 (2022). Also, the State was a party to the Proceedings in Madigan v. Moore and is thereby bound by such decision. Lastly, the issues and law applied in the cases are not substantially different from Plaintiff's matter before the court. Accordingly, the lawsuit and motion should not be dismissed.

### 3.  GAKUBA V. O'BRIEN

The Plaintiff's motion and lawsuit should not be dismissed under Gakuba. Gakuba held that because monetary relief is not available in his defense of criminal charges, however, and because his claims may become time-barred by the time the state prosecution has concluded, the district court should not have dismissed Gakuba's civil-rights claims. Gakuba v. O'Brien, 711 F.3d 751, 753 (7th Cir. 2013). Like Gakuba, Monetary relief and equitable relief is not available

to Plaintiff as a defense of the criminal charges and his claims may become time-barred by the time the state prosecution has concluded. Hence, per <u>Gakuba</u>, Plaintiff's claim should not be dismissed.

Furthermore, this case should not be dismissed pursuant to <u>*Gakuba's*</u> because *Gakuba* did not involve a statute which was flagrantly and patently violative of express constitutional prohibitions, there were no 'extraordinary circumstances", and the issues presented were not the same. In Plaintiff's matter there is a statute which was "flagrantly and patently violative of express constitutional prohibitions," and there are 'extraordinary circumstances. Moreover, in *Gakuba* the claim was for damages resulting from illegal searches, seizures, and detentions. However, Plaintiff's claim is for a contining denial of his second amendment rights. It is not a claim based on isolated violations of the 4th amendment which are not continuing violations like those in *Gakuba*, those issues also will not go moot. It does not concern the suppression of evidence but rather Plaintiff's cause of action concerns a state law which was applied in the criminal proceeding which is "flagrantly and patently violative of express constitutional prohibitions and there are 'extraordinary circumstances in which the necessary irreparable injury can be shown even in the absence of the usual prerequisites of bad faith and harassment.

### 4. Curry v. Lopez

This case should not be dismissed under *Curry or Harold*. The Rooker–Feldman doctrine applies when the state court's judgment is the source of the injury of which plaintiffs complain in federal court. <u>Harold v. Steel</u>, 773 F.3d 884, 885 (7th Cir. 2014). The legal wrong that Plaintiff asserts in this action is not an erroneous decision by the state court in the action brought against Plaintiff by the State of Illinois, but the continued enforcement of the statute Plaintiff asserts is unconstitutional. In other words, Plaintiff asserted as a legal wrong "an allegedly illegal act ... by

an adverse party." Under these circumstances, Plaintiff makes clear that Rooker–Feldman does not apply. See <u>Maldonado v. Harris</u>, 370 F.3d 945, 950 (9th Cir. 2004).

Here, the state court's judgment is not the source of the injury of which plaintiffs complain of in federal court. Even if Plaintiff wins the criminal cause of action, the statute will continue to prohibit him from bearing arms and his time is running out since he will turn 21. It is the statute, its continued enforcement, and prosecution which Plaintiff is seeking to enjoin, and which is the cause of injury. Also, the violation of federal law, being the 2nd Amendment, during the conduct of state litigation also causes a loss independent of the suit's outcome. <u>Harold v. Steel</u>, 773 F.3d 884, 886 (7th Cir. 2014). As already explained, Plaintiff does not allege any legal errors by the state court as a basis for relief, and Rooker–Feldman therefore does not bar his federal action. <u>Maldonado v. Harris</u>, 370 F.3d 945, 951 (9th Cir. 2004).

Furthermore, Plaintiff is not bringing a forbidden de facto appeal because he is not alleging as a legal wrong an erroneous decision from the state court. Therefore, the "inextricably intertwined" test does not come into play. <u>Maldonado v. Harris</u>, 370 F.3d 945, 950 (9th Cir. 2004). However, if it does come into play, Plaintiff's federal claims are not inextricably intertwined with a state-court judgment because the Plaintiff's challenged conduct—for example, denying Plaintiff his second amendment rights to bear arms occurred before any judicial involvement. The complaint alleges, at most, "an independent prior injury that the state court failed to remedy" and not an injury "caused by the state court judgment." Plaintiffs' federal claims could exist even without any state-court judgment. And for that reason, the "the injuries complained of by Plaintiff can be separated from state court judgment." The Rooker-Feldman doctrine accordingly does not apply, and federal courts may exercise jurisdiction over Plaintiff's case. See <u>Andrade v. City of Hammond, Indiana</u>, 9 F.4th 947, 950–51 (7th Cir. 2021)

Also, the Rooker-Feldman doctrine does not apply independently to interlocutory state court orders. Kowalski v. Boliker, 893 F.3d 987 (7th Cir. 2018). Here, like Kowalski, there was no final order issued and because Plaintiff filed a motion to reconsider which has not been ruled upon there is not even an interlocutory order to review at this time. Moreover, Kowalski held that Harold v. Steel, 773 F.3d 884, 886 (7th Cir. 2014) described the issue as undecided in this circuit and declined to extend it. Kowalski v. Boliker, 893 F.3d 987, 995 (7th Cir. 2018)

Lastly, federal review may be available where such orders affect rights not capable of vindication through direct appeal from conviction. Gold v. State of Conn., 531 F.2d 91, 92 (2d Cir. 1976). Here, as explained the rights are limited in time and as such are not capable of vindication through direct appeal from conviction. Moreover, Plaintiff is subject to the "continuing, present adverse effects" necessary to establish standing for declaratory and injunctive relief. See Grendell v. Ohio Supreme Court, 252 F.3d 828, 837 (6th Cir. 2001).

## 5. **CONCLUSION**

The Plaintiff has shown cause why the motion and lawsuit should not be dismissed and met the burden for a preliminary injunction. He has shown a reasonable likelihood of success on the merits, irreparable harm with no adequate remedy at law, that the public interest is in favor of the relief, and the balance of harm weighs in his favor. Therefore, the court must GRANT Plaintiffs' motion for a preliminary injunction ordering Defendants and all those acting in concert are ENJOINED from enforcing 720 ILCS 5/24-1.6, 720 ILCS 5/24-1.6(A)(1)/(3)(C), A(1)/(3)(A), (A)(1)/(3)(B-5), 720 ILCS 5/24-1(a)(1)(3)(I), 430 ILCS 66/25 , and 720 ILCS 5/24-1 against Plaintiffs; the State of Illinois must recognize his 2nd amendment right to bear arms while 18-20 years old. This order should require that Defendants issue directives to the Illinois State Police to begin to facilitate the Plaintiff's FOID card application and ccl application

without undue delay. This preliminary injunction should remain in force until the court renders judgment on the merits of the Plaintiffs' claims and the Plaintiff requests any other relief the court see fit to stop the constitutional violations against the Plaintiff.

/S/ Ilia Usharovich
Ilia Usharovich, Lead Counsel
One of the Attorney's For Plaintiff
224 S. Milwaukee Ave Suite E
Wheeling, Illinois 60090
Telephone: 847-264-0435
Facsimile: 224-223-8079
Service: Ilia@Usharolaw.com