UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELMER CASTILLO, <br><br> Plaintiff, <br><br> v. <br><br> ATTORNEY GENERAL KWAME RAOUL, et al., <br><br> Defendants. | Case No. 22 C 4132 <br><br> Judge Martha M. Pacold |

# ORDER

Plaintiff Elmer Castillo filed this lawsuit under 42 U.S.C. § 1983 "seeking to enjoin the state['s] prosecution" of him for carrying a concealed weapon. [9] at 3.[1] Castillo alleges that he is nineteen years old and, on October 7, 2020, "was arrested by Lake County police and accused of possessing firearms without" a license or Firearm Owner's Identification Card. [1] ¶¶ 6, 8. Lake County filed criminal charges against Castillo and his prosecution is ongoing. *Illinois v. Castillo*, No. 21CF00000390 (Lake Cnty. Cir. Ct.).

Castillo alleges that various Illinois statutes—"720 ILCS 5/24-1.6, 720 ILCS 5/24-1.6(A)(1)/(3)(C), A(1)/(3)(A), (A)(1)/(3) (B-5), 720 ILCS 5/24-1(a)(1)(3)(I), and 720 ILCS 5/24-1"—are unconstitutional under the Second Amendment because they restrict the ability of adults under the age of twenty-one to carry firearms. [1] ¶ 13. Castillo "rais[ed] this same argument" in a motion to dismiss in his state criminal case but the state trial court, on July 13, 2022, "found that the statutes were constitutional." *Id.* ¶¶ 14–15. On August 7, 2022, Castillo filed a motion for reconsideration of the trial court's order. *Id.* ¶ 16. As of this date, the reconsideration motion appears to still be pending.

Also on August 7, 2022, Castillo filed this lawsuit in federal court against defendants Illinois Attorney General Kwame Raoul, the State of Illinois, Lake County, and Lake County State's Attorney Eric Rinehart. Castillo seeks a declaratory judgment that the same Illinois statutes are unconstitutional and "[i]njunctive relief restraining Defendants . . . from enforcing" the statutes against him. *Id.* at 8. On August 8, 2022, Castillo filed a motion for a preliminary injunction enjoining the defendants "from enforcing" the Illinois statutes against

---

[1] Bracketed numbers refer to docket entries and are followed by page and / or paragraph numbers. Page numbers refer to the CM/ECF page number.

him. [2]. The next day, Castillo's counsel called the emergency judge's chambers and asked that his preliminary injunction motion be treated as an emergency matter. [6].

On August 9, 2022, the court directed plaintiff to show cause why the case should not be dismissed under *Younger v. Harris*, 401 U.S. 37 (1971), and other doctrines.[2] [6]; *see also* [8]. Castillo filed a response on August 18, 2022. [9].

*Younger* mandates that, "in the absence of exceptional circumstances creating a threat of irreparable injury both great and immediate, a federal court must not intervene by way of either injunction or declaratory judgment in a pending state criminal prosecution." *Kugler v. Helfant*, 421 U.S. 117, 123 (1975) (internal quotation marks omitted).

*Younger* squarely applies here, as Castillo admits that his suit "seek[s] to enjoin the state['s] prosecution" of him. [9] at 3. Castillo tries to avoid this conclusion by arguing that exceptional circumstances justify federal court interference in his prosecution. "The party claiming extraordinary circumstances must demonstrate their existence." *FreeEats.com, Inc. v. Indiana*, 502 F.3d 590, 596 (7th Cir. 2007). Although this exception has been "left largely undefined" by the Supreme Court, it is clear that abstention is inappropriate "[o]nly if 'extraordinary circumstances' render the state court incapable of fairly and fully adjudicating the federal issues before it." *Kugler*, 421 U.S. at 124–25 & n.4. "For example, when (1) the state proceeding is motivated by a desire to harass or is conducted in bad faith, (2) there is an extraordinarily pressing need for immediate equitable relief, or (3) the challenged provision is flagrantly and patently violative of express constitutional prohibitions, federal intervention in the state proceeding is appropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007) (internal quotation marks omitted). This is "a very narrow gate for federal intervention in pending state criminal proceedings." *Arkebauer v. Kiley*, 985 F.2d 1351, 1358 (7th Cir. 1993).

Castillo first argues that "there is no state remedy available to meaningfully, timely, and adequately remedy the alleged constitutional violations" because, if the state trial court does not grant his reconsideration motion, he would have to go through an appeal process that may not end until after he turns twenty-one years old, mooting his constitutional claims. [9] at 8–9. Absent evidence or authority that the state court and state appellate courts cannot protect Castillo's constitutional rights, the court cannot find that Castillo lacks an adequate remedy in the state criminal proceeding. *See FreeEats.com*, 502 F.3d at 598 ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." (quoting *Pennzoil Co. v. Texaco, Inc.*, 481

---

[2] *Younger* abstention may be raised *sua sponte*. *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996).

2

U.S. 1, 15 (1987))). Castillo has not shown that he lacks an adequate remedy in the state court system. Castillo's own filings recognize that Castillo was given the opportunity in his state court case to raise his constitutional arguments in a motion to dismiss, and he has raised them again in a pending motion for reconsideration. [1] ¶¶ 14, 16. Castillo also recognizes that he can appeal any adverse decisions made by the trial court. Because Castillo raises his constitutional arguments as a defense to his criminal prosecution, they also will not be mooted or become time-barred in the state proceedings if he turns twenty-one, and Castillo cites no authority holding otherwise. Castillo may disagree with the state trial court's resolution of his claims so far, but this does not mean he lacks an adequate opportunity to present his constitutional arguments or that these circumstances warrant a federal injunction against his prosecution. *See Forty One News, Inc. v. Cnty. of Lake*, 491 F.3d 662, 667 (7th Cir. 2007) ("We recognize that 41 News would prefer to be in federal court, understandably enough since the state courts have already upheld the ordinance, but its preferences and the earlier rulings of the state courts carry no weight under *Younger*."); *cf. Ramsden v. AgriBank, FCB*, 214 F.3d 865, 872 (7th Cir. 2000) (vacating injunction against state court proceedings and observing that "[e]ven if the state court mistakenly rejected respondents' claim . . . this does not justify the highly intrusive remedy of a federal court injunction" (quoting *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 525 (1986))).

Castillo also points to alleged harms suffered by other adults under the age of twenty-one impacted by the challenged statutes, and he argues that the defense in his state prosecution is inadequate to protect those other persons' rights. Yet Castillo's lawsuit is filed only on behalf of himself and not a class; Castillo lacks standing to raise claims in federal court based upon alleged harms suffered by persons who are not parties to this suit. *See Jepson v. Bank of N.Y. Mellon (In re Jepson)*, 816 F.3d 942, 946 (7th Cir. 2016) ("[A] 'plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975))).

Castillo next argues that the various Illinois statutes he seeks to challenge are patently and flagrantly unconstitutional. But "the Supreme Court has 'unequivocally held that facial invalidity of a statute is not itself an exceptional circumstance justifying federal interference with state criminal proceedings.'" *Mulholland v. Marion Cnty. Elec. Bd.*, 746 F.3d 811, 818 (7th Cir. 2014) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 602 (1975)). Something more is necessary—such as a prior court order holding that the precise statute at issue is unconstitutional. *See, e.g., id.* at 818–20 (finding extraordinary circumstances existed where plaintiff's lawsuit went "beyond the mere 'possible unconstitutionality of a statute on its face'" because, in an earlier lawsuit, "[t]he law was declared facially unconstitutional by a federal court and its enforcement was enjoined in a final judgment" against the same party then seeking to enforce the statute in state proceedings). Here, Castillo points to no prior decision holding that the statutes now being enforced against him are unconstitutional. For this same reason—that

3

no federal court has held the challenged statutory provisions to be unconstitutional—Castillo's contention that federal court intervention is necessary to "enjoin the relitigating of settled federal decisions . . . and to enforce the court's decisions" also lacks merit. [9] at 10.

Finally, Castillo argues that he is suffering irreparable harm because his Second Amendment rights are allegedly being violated during the pendency of his state prosecution, and he points to various cases recognizing that violation of a constitutional right is often an irreparable harm for the purposes of a typical injunction. But an even higher standard for irreparable harm applies in the *Younger* context. *FreeEats.com*, 502 F.3d at 597 ("even irreparable injury is insufficient unless it is 'both great and immediate'" (quoting *Younger*, 401 U.S. at 46)). Courts regularly abstain under *Younger* even when the plaintiff challenges an allegedly unconstitutional statute that may encroach upon the plaintiff's rights during the pendency of the state prosecution. *See, e.g.*, *Younger*, 401 U.S. at 50–51 ("It is undoubtedly true . . . that (a) criminal prosecution under a statute regulating expression usually involves imponderables and contingencies that themselves may inhibit the full exercise of First Amendment freedoms. But this sort of chilling effect . . . should not by itself justify federal intervention." (internal quotation marks and citation omitted)); *Stroman Realty*, 505 F.3d at 660–61 (affirming application of *Younger* abstention to challenge to constitutionality of state licensing requirements); *Forty One News*, 491 F.3d at 663–65 (applying *Younger* to suit alleging county ordinance violated First and Fourteenth Amendments). Castillo can assert his Second Amendment rights in the state court proceedings (and, if necessary, he may file a petition for certiorari with the United States Supreme Court), and he has not shown a great and immediate threat of irreparable injury absent federal court intervention.[3]

Having determined that *Younger* abstention is required, the only remaining issue is whether to stay or dismiss the case. "The pivotal question in making this determination is whether any of the relief sought by the plaintiff in its federal action is unavailable in the state action." *FreeEats.com*, 502 F.3d at 600. Castillo has not identified any relief that is unavailable to him in state court. He points out that he cannot recover damages in his state prosecution, *see Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013), but his federal suit does not seek damages, [1] at 8. He also argues that his claims may become moot if he turns twenty-one before his state prosecution becomes final, but, if this action is stayed, his claims still cannot be litigated in this court until the state prosecution has ended. And once Castillo's claims become moot they must be dismissed regardless of whether the case was stayed. *See United States v. Shorter*, 27 F.4th 572, 575 (7th Cir. 2022) ("If an intervening circumstance removes th[e] [plaintiff's] personal stake, a court must

---

[3] "[T]he cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute 'irreparable injury' in the 'special legal sense of that term.'" *Kugler*, 421 U.S. at 124 (quoting *Younger*, 401 U.S. at 46).

4

dismiss the case as moot."); *see, e.g.*, *Timms v. Metro. Sch. Dist. of Wabash Cnty.*, 718 F.2d 212, 214–15 (7th Cir. 1983) (dismissing claims that became moot after suit was filed based on party's aging). Staying the case does not preserve a federal forum for Castillo's claims.

## CONCLUSION

The court abstains from exercising jurisdiction and the suit is hereby dismissed without prejudice pursuant to *Younger*. Castillo's motion for preliminary injunction is denied. The court discerns no basis on which amendment could alter the court's conclusion that abstention is required here. Accordingly, the court will enter final judgment.

Dated: August 24, 2022 /s/ Martha M. Pacold